UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILLIP AARON HILMON

    Plaintiff,

v.                                                Case No. 06-13055

MORTGAGE ELECTRONIC                 Honorable Patrick J. Duggan
REGISTRATION SYSTEMS, INC., AEGIS
FUNDING CORPORATION, and AEGIS
MORTGAGE CORPORATION

    Defendants.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS "CROSS-CLAIM" AGAINST DEFENDANT AEGIS MORTGAGE CORPORATION AND DENYING DEFENDANT AEGIS MORTGAGE CORPORATION'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

On May 31, 2006, Phillip Aaron Hilmon ("Plaintiff") filed a pro se complaint against Mortgage Electronic Registration Systems, Inc. and Aegis Funding Corporation (collectively "Defendants") in Wayne County Circuit Court. In the original complaint, Plaintiff seeks a court order setting aside the foreclosure sale resulting from Plaintiff's default on his mortgage with Defendant Aegis Funding Corporation. Defendants timely removed this action to this Court based on diversity jurisdiction pursuant to 28 U.S.C. Section 1446(b). On July 12, 2006, Plaintiff filed a "cross-claim" against a new

1

Defendant, Aegis Mortgage Corporation, alleging violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1638, Regulation Z, 12 C.F.R. 226.18 *et seq.*, and the Real Estate Settlement Procedure Act ("RESPA"), 12 U.S.C. § 2605. On August 1, 2006, Defendant Aegis Mortgage Corporation filed a motion to dismiss or, in the alternative, motion for summary judgment with respect to Plaintiff's "cross-claim." On August 15, 2006, Plaintiff filed a motion to voluntarily dismiss his "cross-claim" against Aegis Mortgage Corporation.

Although Plaintiff's motion does not specify the rule pursuant to which he is requesting dismissal, this Court must construe a pro se party's filings liberally and has determined that Plaintiff is seeking dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2).[1] *See* FED. R. CIV. P. 41(a)(2); *Spotts v. United* States, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972)). Federal Rule of Civil Procedure 41(a)(2) requires an order of the court to effect a voluntary dismissal of an action by plaintiff when an adverse party has served an answer or motion for summary judgment. *See* FED. R. CIV. P. 41(a)(2). Whether dismissal is appropriate under "Rule 41(a)(2) is within the sound discretion of the district court." *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994).

Both parties seek the same objective – dismissal of Plaintiff's TILA and RESPA claims against Defendant Aegis Mortgage Corporation. Furthermore, both parties agree

---

[1] Plaintiff is unable to dismiss the action without order of the court pursuant to 41(a)(1) because Defendant Aegis Mortgage Corporation served its motion for summary judgment prior to Plaintiff seeking dismissal. *See* FED. R. CIV. P. 41(a)(1).

2

Aegis Mortgage Corporation is not a proper party and thus is not liable for the violations alleged in the "cross-claim." Therefore, Plaintiff's motion to voluntarily dismiss the "cross-claim" against Aegis Mortgage Corporation is granted.

Because Plaintiff's "cross-claim" against Aegis Mortgage Corporation is dismissed pursuant to Plaintiff's motion, this Court finds no need to decide whether Plaintiff's "cross-claim" states a claim for relief or whether there is a genuine issue of material fact with respect to Plaintiff's claims against Aegis Mortgage Corporation.

Accordingly,

**IT IS ORDERED**, that Plaintiff's motion to voluntarily dismiss his "cross-claim" against Aegis Mortgage Corporation is **GRANTED WITH PREJUDICE**;

**IT IS FURTHER ORDERED,** that Defendant's motion to dismiss or, in the alternative, motion for summary judgment is **DENIED AS MOOT**.

_____
s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Date: September 12, 2006

Copies to:
Philip Aaron Hilmon
16825 Shaftsbury
Detroit, MI 48219

Brian A. Potestivo, Esq.
David G. Marowske, Esq.