UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILLIP AARON HILMON,

    Plaintiff,

v.                                                                          Case No. 06-13055

MORTGAGE ELECTRONIC                          Honorable Patrick J. Duggan
REGISTRATION SYSTEMS, INC. and
AEGIS FUNDING CORPORATION,

    Defendants.
_____/

## OPINION AND ORDER

On May 31, 2006, Phillip Aaron Hilmon ("Plaintiff") filed a pro se complaint against Mortgage Electronic Registration Systems, Inc. and Aegis Funding Corporation (collectively "Defendants") in Wayne County Circuit Court. In the original complaint, Plaintiff seeks a court order setting aside the foreclosure sale resulting from the default on his mortgage with Defendant Aegis Funding Corporation. Defendants timely removed this action to this Court based on diversity jurisdiction pursuant to 28 U.S.C. Section 1446(b). Presently before this Court are two motions filed on September 6, 2006: (1) Defendants' motion to strike redundant pleadings; and (2) Defendant Aegis Funding Corporation's motion to dismiss or, in the alternative, for summary judgment on Plaintiff's First Amended Complaint for

violations of TILA[1] by way of recoupment and RESPA[2] violations.

## I. Motion to Strike

On August 15, 2006, Plaintiff filed several documents, including: (1) Verified Complaint to Undo Non-Judicial Foreclosure and Sale ("Verified Complaint"); (2) First Amended Complaint for Violations of TILA by way of recoupment and RESPA violations ("First Amended Complaint"); and (3) Cross-Claim for Violations of TILA by way of recoupment and RESPA violations ("Cross-Claim").  Defendants argue these documents should be striken from the record as redundant pleadings.  Plaintiff has not responded to Defendants' motion to strike.  The Court has reviewed Defendants' motion to strike and is persuaded that the arguments set forth by Defendants in support of its motion have merit.

Therefore,

For the reasons set forth by Defendants in the motion to strike,

**IT IS ORDERED**, that Defendants' motion to strike is **GRANTED** with respect to the Verified Complaint and Cross-Claim.[3]

## II. Motion to Dismiss or, In the Alternative, for Summary Judgment

Defendant Aegis Funding Corporation has filed a motion to dismiss or, in the alternative, for summary judgment on Plaintiff's First Amended Complaint.  Plaintiff has not responded to this motion to dismiss or, in the alternative, for summary judgment.  The Court

---

[1]TILA refers to the Truth In Lending Act, 15 U.S.C. § 1601 *et seq.*

[2]RESPA refers to the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.*

[3]The Court denies Defendants' motion to strike with respect to the First Amended Complaint, and addresses the First Amended Complaint in Defendant Aegis Funding Corporation's motion to dismiss or, in the alternative, for summary judgment.

has reviewed Defendant Aegis Funding Corporation's motion to dismiss or, in the alternative, for summary judgment and is persuaded that the arguments set forth by Defendant Aegis Funding Corporation warrant the granting of this Defendant's motion.

Therefore,

For the reasons set forth by Defendant Aegis Funding Corporation in support of its motion for summary judgment,

**IT IS FURTHER ORDERED,** that Defendant Aegis Funding Corporation's motion for summary judgment is **GRANTED**, and

**IT IS FURTHER ORDERED** that Plaintiff's First Amended Complaint is **DISMISSED.**[4]

                                      s/PATRICK J. DUGGAN
                                      UNITED STATES DISTRICT JUDGE

Dated: OCTOBER 24, 2006

Copies to:
Philip Aaron Hilmon
16825 Shaftsbury
Detroit, MI 48219

Brian A. Potestivo, Esq.
David G. Marowske, Esq.

---

[4]In its motion to dismiss or, in the alternative, for summary judgment, Aegis Funding Corporation contends that Plaintiff's First Amended Complaint was filed improperly since an answer had been filed and Plaintiff did not seek leave of court before filing the First Amended Complaint.  However, because Aegis Funding Corporation has sought summary judgment on the First Amended Complaint, the Court finds it unnecessary to address the issue of improper filing.