UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILLIP AARON HILMON,

    Plaintiff,

v.

Case No. 06-13055

Honorable Patrick J. Duggan

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. and
AEGIS FUNDING CORPORATION,

    Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on April 23, 2007.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

On May 31, 2006, Phillip Aaron Hilmon ("Plaintiff") filed a pro se complaint against Mortgage Electronic Registration Systems, Inc. ("MERS") and Aegis Funding Corporation ("AFC") (collectively "Defendants") in Wayne County Circuit Court. Defendants timely removed this action to federal court based on diversity jurisdiction. At this time, the only remaining claims are those asserted by Plaintiff in his "Verified

Complaint to Undo Non-Judicial Foreclosure and Sale."[1]  In his "Verified Complaint," Plaintiff seeks a court order setting aside the foreclosure of certain real property owned by Plaintiff in Detroit, Michigan.  Plaintiff also asks the Court to cancel the sheriff's deed executed as a result of the sale.  Presently before this Court is Defendants' motion to dismiss or, in the alternative, for summary judgment.  On April 14, 2007, the Court sent the parties a notice stating that the Court is dispensing with oral argument on Defendants' motion.  *See* E.D. Mich. LR 7.1(e)(2).

**I.   Background**

On or about November 15, 2004, Plaintiff executed a promissory note listing AFC as payee. (Dfts.' Br., Ex. 1).  The promissory note was secured by a mortgage, which encumbered real property located on Shaftsbury in Detroit, Michigan.  (Dfts.' Br., Ex. 2).  The mortgage states that "MERS is the mortgagee under this Security Instrument" and that MERS has the "power of sale" with respect to the mortgaged property.  (Dfts.' Br., Ex. 2 at 1-2).  More specifically, the mortgage provides:

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property, and to take any action required of Lender including, but not limited to, releasing and canceling this Security

---

[1]On October 24, 2006, the Court granted Defendants' motion to strike with respect to the Verified Complaint to Undo Non-Judicial Foreclosure and Sale and the Cross-Claim for Violations of TILA by way of recoupment and RESPA violations, which were both filed on August 15, 2006.  In addition, the Court granted Defendant Aegis Funding Corporation's motion for summary judgment and dismissed Plaintiff's First Amended Complaint.

>    Instrument.

(*Id.* at 3). The mortgage defines Lender as AFC. (*Id.* at 1).

After closing on the loan, AFC furnished a "Servicing Disclosure Statement" to Plaintiff, which was signed by Plaintiff. (Dfts.' Br., Ex. 3). The "Servicing Disclosure Statement" states that AFC intends to assign, sell, or transfer the servicing of Plaintiff's mortgage loan. (*Id.*). In addition, AFC furnished a "Notice Concerning Mortgage Servicing Transfer at Settlement" to Plaintiff, which was signed by Plaintiff. (Dfts.' Br., Ex. 4). The "Notice Concerning Mortgage Servicing Transfer at Settlement" indicated that the servicing of Plaintiff's loan was being transferred to Aegis Mortgage Company ("AMC"), effective January 1, 2005, and that Plaintiff should direct payments to AMC. (*Id.*).

On or about August 15, 2005, Plaintiff defaulted on the terms of the mortgage and the note. (*See* Dfts.' Br., Ex. 9). Subsequently, on or about October 27, 2005, foreclosure proceedings commenced and a mortgage foreclosure sale was scheduled for December 1, 2005. On December 1, 2005, the date of the foreclosure sale, there apparently were no third-party bidders, and "a Sheriff's Deed on Mortgage Sale was granted to AMC, as legal representative of MERS as nominee for [AFC], as allowed pursuant to MCL § 600.3228." (Dfts.' Br. at 2).

## II. Standard of Review

Defendants moves to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or, in the alternative, for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Because the Court is considering matters outside the pleadings

3

to reach its decision, it will apply the standard for summary judgment set forth in Rule 56 of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 12(b).

This Court will grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). No genuine issue of material fact exists for trial unless, by viewing the evidence in a light most favorable to the nonmoving party, a reasonable jury could return a verdict for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). The moving party bears the burden of informing this Court of the basis for its motion and identifying those portions of the record that establish the absence of a material issue of fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986).

Once the moving party has met its burden, Rule 56(e) requires the nonmoving party to look beyond the pleadings and designate specific facts showing that a genuine issue exists for trial. FED. R. CIV. P. 56(e); *Celotex*, 477 U.S. at 322-24, 106 S. Ct. at 2552-53. It is not enough that the nonmoving party comes forward with the "mere existence of a scintilla of evidence . . . ," *Anderson*, 477 U.S. at 252, 106 S. Ct. at 2512, or some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986). Rather, the nonmoving party must present significant probative evidence in support of its opposition to the motion for summary judgment. *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir. 1993).

4

**III. Discussion**

Plaintiff argues that the foreclosure sale conducted by Defendants was improper under Michigan Compiled Laws Section 600.3204, the statute allowing for foreclosure by advertisement. Section 600.3204 provides in pertinent part:

> A party may foreclose a mortgage by advertisement if all of the following circumstances exist:
> (a) A default in a condition of the mortgage has occurred, by which the power to sell became operative.
> (b) An action or proceeding has not been instituted, at law, to recover the debt secured by the mortgage or any part of the mortgage; or, if an action or proceeding has been instituted, the action or proceeding has been discontinued; or an execution on a judgment rendered in an action or proceeding has been returned unsatisfied, in whole or in part.
> (c) The mortgage containing the power of sale has been properly recorded.
> (d) The party foreclosing the mortgage is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage.

MICH. COMP. LAWS § 600.3204(1). Plaintiff contends that MERS is not the servicing agent or assignee of the mortgage. Furthermore, Plaintiff argues MERS is not a holder in due course of the promissory note because it cannot produce the original note, which Plaintiff contends is a negotiable instrument. For these reasons, Plaintiff contends that MERS is not "either the owner of indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage," as required by section 600.3204(1)(d).

Defendants argue the promissory note at issue in this case is not a negotiable instrument. Thus, according to Defendants, Plaintiff's argument that MERS is not a holder in due course of the note is irrelevant in determining whether MERS had or held

5

an interest sufficient to foreclose by advertisement. Furthermore, Defendants argue that MERS as named mortgagee has a legal right to foreclose on the mortgage.

Contrary to Plaintiff's assertion, nothing in section 600.3204 requires a named mortgagee to be a holder in due course of the note. *See* MICH. COMP. LAWS § 600.3204. The only cases Plaintiff provides in support of his argument that MERS does not have an interest sufficient to foreclose by advertisement are a group of Florida cases, which were overturned on appeal. *See Mortgage Electronic Registration Systems, Inc. v. Azize*, No. 2D05-4544, 2007 WL 517842 (Fla. App. 2 Dist. Feb. 21, 2007).[2]

In any event, the note references the mortgage and states:

> In addition to the protections given to the Note Holder under this Note, a Mortgage . . . ("Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note.

(Dfts.' Br., Ex. 1 at 4). The mortgage, which Plaintiff executed, specifically identifies MERS as the mortgagee and specifically sets forth that MERS is acting solely as nominee for the lender, AFC. (Dfts.' Br., Ex. 2 at 1). Furthermore, the mortgage explicitly states that Plaintiff agrees that "MERS (as nominee for Lender and Lender's successors and assigns) has the right to exercise any and all of those interests including, but not limited

---

[2]Although the appellate court in *Azize* dealt with only one of the cases cited by Plaintiff, the exact same order of dismissal dealt with on appeal was filed by one trial court "in twenty separate mortgage foreclosure actions." *Azize*, 2007 WL 517842, at *1 fn.1. Thus, while the appellate court in *Azize* only reversed one of these cases on appeal, its rejection of the trial court's holding in the appealed case undermines the trial court's holding in the other nineteen cases as well.

to, the right to foreclose and sell the Property and to take any action required of the Lender . . . ." (*Id.* at 3). Therefore, Plaintiff, having expressly given to MERS the right to foreclose as nominee for the lender, cannot now contend that MERS did not have the right to institute foreclosure proceedings.

Finally, this Court is not persuaded by Plaintiff's argument that the foreclosure sale was improper because he never received a notice of default and a right to cure. As Defendants argue, there is no statutory requirement that they give notice to Plaintiff of his default on the mortgage. *See* MICH. COMP. LAWS § 600.3204. It is the mortgage itself that requires any notices be in writing and sent by first class mail. (Dfts.' Br., Ex. 2 at 8). Even if this Court were to construe Plaintiff's complaint as stating a breach of contract claim based on the mortgage, Defendants provide evidence that a notice of default and right to cure were sent to Plaintiff by certified mail. (Dfts.' Br., Ex. 9).

Accordingly,

**IT IS ORDERED**, that Defendants' motion to dismiss or, in the alternative, for summary judgment is **GRANTED**.

                                        s/PATRICK J. DUGGAN
                                        UNITED STATES DISTRICT JUDGE

Copies to:
Philip Aaron Hilmon
16825 Shaftsbury
Detroit, MI 48219

Brian A. Potestivo, Esq.
David G. Marowske, Esq.